**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Jon Levine, | ) | |
| | ) | Civil Action No.: 0:20-cv-00700-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| New Pathway Investments LLC and | ) | |
| Alexander Franks, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of Plaintiff Jon Levine's ("Plaintiff") Motion for Default Judgment, brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (ECF No. 16.) Defendants New Pathway Investments LLC and Alexander Franks (collectively, "Defendants") failed to respond to Plaintiff's Motion. For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 16.) A subsequent hearing will be scheduled for Plaintiff to prove the amount of his alleged damages and attorney's fees owed by Defendant New Pathways Investments.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint in the United States District Court for the District Court of South Carolina on February 11, 2020. (ECF No. 1.) Plaintiff states that on March 23, 2018, he "loaned Defendants . . . $168,000 for the purchase of a 15-unit condominium building (the 'Building') in Shelby, North Carolina, located at 229 Chestnut Street in Shelby, North Carolina

---

[1] In his Motion, Plaintiff only seeks damages from Defendant New Pathway Investments, and does not appear to request an award against Defendant Franks. (ECF No. 16.)

1

(the 'Property'). A lien on the Property secured repayment of the loan amount."[2] (*Id.* at 1 ¶ 1.) Plaintiff and Defendants purportedly "agreed that [Defendant New Pathways Investments] would rehabilitate and rent units in the Building and that Plaintiff and [Defendant New Pathways Investments] would split the profits of that venture 70%-30%, respectively." (*Id.* at 4 ¶ 28.) Yet instead of renovating the Property, "Defendants intentionally misinformed and misled Plaintiff as to the status and condition of the Property, as well as . . . the status of the repairs to and rehabilitation of the [P]roperty." (*Id.* at 1 ¶ 2.)

Specifically, Plaintiff highlights Defendants' "multiple misrepresentations . . . concerning the Building and the Property" between March 2018 and July 2019. (*Id.* at 12 ¶ 102.) For instance, "Defendants made it appear to Plaintiff, through emails and other communications, that they were in the process of hiring contractors to begin rehabilitation work at the Building." (*Id.* at 8 ¶ 73.) Such representations included:

> a. In a text message on September 11, 2018, Defendant Franks told Plaintiff that he was going to Shelby to "pay for the permit." No one paid for the permit until October 3, 2018;
> b. In a text message on September 22, 2018, Defendant Franks told Plaintiff that he had money coming in from another deal that would enable him to finish work on the Building. He also stated that he paid David, a contractor, $4,000 and that he "just paid for the rest of the permits";
> c. In a text message dated October 15, 2018, Defendant Franks told Plaintiff that David, a contractor, had "three people [at the Building] ripping out the ceilings [and] the electricians are down there right behind them the plumber is coming out Thursday Friday [sic] to go ahead and also start"; and
> d. Other representations made via phone, text message, and email communications to the effect that work on the Building was delayed but otherwise progressing without issues.

(*Id.* at 12 ¶ 102.) Plaintiff states each of these claims were false. (*Id.* ¶ 103.)

---

[2] Plaintiff states that "[a]t all times relevant to this action, Defendant Frank owned and operated" New Pathways Investments. (ECF No. 1 at 2 ¶ 14.)

In reality, during this timeframe the City of Shelby issued multiple code violations due to the condition of the Building; abated solid waste accumulation and uncut grass on the Property numerous times and billed Defendants; placed multiple liens on the Property when Defendants failed to pay for the City's services abating the violations; boarded up the Property no less than seven times; and provided numerous notices to Defendants to repair or demolish the building. (*Id.* at 4-7.) As of July 15, 2019—or approximately sixteen months after purchasing the Property—"Defendants had done nothing to rehabilitate the Property." (*Id.* at 7 ¶ 67.)

In January 2019, when Plaintiff discovered work had not progressed as represented by Defendants, Plaintiff instructed Defendants to sell the Building. (*Id.* at 8 ¶ 75.) Defendants thereafter stated they entered into a contract to sell the Property "for $220,000, with a closing date of July 16, 2019." (*Id.* ¶ 76.) However, the alleged sale never closed, and the City of Shelby instead demolished the Building in August 2019. (*Id.* ¶¶ 76-77.) Plaintiff posits he did not further investigate progress with the Property and the Building due to his reliance on Defendants' misrepresentations, which kept Plaintiff unaware of the Building's status until July 2019, when it was too late to prevent its demolition by the City of Shelby. (*Id.* at 12 ¶ 106.)

"Had Plaintiff know[n] of the issues with the Building, Plaintiff could have taken immediate action to protect his collateral and salvage his investment. Instead, as a direct result of Defendants' deceit and other misconduct, Plaintiff has suffered substantial financial losses." (*Id.* ¶ 4.) Plaintiff claims Defendants are liable for breach of contract, breach of fiduciary duty, and fraud. (*Id.* at 9-13.)

Subsequently, Plaintiff filed his Request for Entry of Default. (ECF No. 8.) Plaintiff requested default because "Defendants . . . failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure and the Local Rules of this Court." (*Id.*)

3

Defendants did not respond to Plaintiff's Request for Entry of Default. On April 3, 2020, the Clerk of Court for the District of South Carolina entered a default entry, but not a default judgment, because there was only a request for entry of default and not a pending motion before the court requesting a judgment. (*See* ECF No. 9, 12.)

On September 18, 2020, Plaintiff formally filed his Motion for Default Judgment. (ECF No. 16.) Within the Motion, Plaintiff seeks the following damages against Defendant New Pathway Investments: (1) one hundred sixty-eight thousand dollars and zero cents ($168,000.00) in compensatory damages; (2) three thousand five hundred and seventeen dollars and fifty cents ($3,517.50) in attorney's fees and costs; and (3) two hundred fifty thousand dollars and zero cents ($250,000) in punitive damages. (*Id.* at 1-2.) In sum, Plaintiff seeks a total of four hundred twenty-one thousand, five hundred seventeen dollars and fifty cents ($421,517.50). (*Id.*) Neither Defendant has responded to Plaintiff's Motion for Default Judgment.

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on the Complaint's allegations that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. (ECF No. 1 at 2 ¶¶ 8-10.)

## III. CHOICE OF LAW

In a diversity suit federal courts must apply the rules of the forum state when addressing choice of law questions. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 (1938). South Carolina choice-of-law rules dictate that the court must apply the law specified in a contract. *See Burris Chemical, Inc. v. USX Corp.,* 10 F.3d 243, 245 (4th Cir. 1993) (citing *Bannister v. Shepard,* 191 S.C. 165, 4 S.E.2d 7, 9 (S.C. 1939); *Livingston v. Atlantic Coast Line R.R. Co.,* 176 S.C. 385, 180 S.E. 343, 345 (S.C. 1935)). In the instant case, the promissory note signed by Defendant New

Pathway Investments states the note is "governed and construed in accordance with the laws of the State of North Carolina." (ECF No. 1-2.)

## IV. LEGAL STANDARD

The court may enter a default judgment against a party that has not properly responded to a complaint in a timely manner. FED. R. CIV. P. § 55. A defendant has twenty-one days to file a written response before they may be entered as in default. FED. R. CIV. P. § 12(a) (1). When a defendant defaults the court is to accept as true the well-pleaded factual allegations in the complaint as to defendant's liability. *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780–1 (4th Cir.2001). Unlike allegations of fact, the court does not accept allegations regarding damages as true, but rather makes its own independent determination. *See Credit Lyonnais Secs. (USA), Inc. v. Alcantara,* 183 F.3d 151 (2d Cir. 1999). In this regard, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

## V. DISCUSSION

Defendants failed to plead or otherwise defend within twenty-one days and are now in default.[3] Therefore, Plaintiff's allegations in the Complaint are deemed admitted and he is entitled to a default judgment against Defendants for breach of contract, breach of fiduciary duties, and fraud. FED. R. CIV. P. 55(b)(2). *See, e.g., Bank Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764,* C/A No. 2:09–594–MBS, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011); *see also J&J Sports Prods., Inc. v. Collective Minds, LLC*, C/A No. 3:17-cv-02346-CMC, 2017 WL 5988207, at *1 (D.S.C. Dec. 4, 2017) (noting that liability is established by a

---

[3] Defendants were appropriately served, and Plaintiff properly filed an affidavit that the non-moving party is neither incompetent nor a minor in accordance with Rule 55(b). (ECF Nos. 5, 11.)

5

defendant's default); *J&J Sports Prods., Inc. v. Segura*, C/A No. 3:12–cv–03241–CMC, 2013 WL 1194844, at *2 (D.S.C. Mar. 22, 2013) (same).

As Defendants' liability to Plaintiff has been established, the court must determine the amount of damages to be awarded. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The court will hereafter schedule a hearing at which Plaintiff shall demonstrate why he believes he is owed a total of four hundred twenty-one thousand, five hundred seventeen dollars and fifty cents ($421,517.50) against Defendant New Pathways Investments. The court will then make an independent determination of damages.

## VI. CONCLUSION

For the reasons stated herein, the court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 16.) The court will subsequently schedule a hearing for Plaintiff to prove his alleged damages and attorney's fees against Defendant New Pathways Investments.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 20, 2020
Columbia, South Carolina

6